IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

KASHEENA SHADE PARKER,      )
                                  )
         Plaintiff,        )
        v.                 )         1:18-CV-308
                                    )
KIPLING FINANCIAL SERVICES,   )
LLC, d/b/a MONEYMAX TITLE     )
LOANS,                        )
        Defendant.     )

## ORDER

This matter is before the Court on plaintiff's motion to remand to state court based on lack of subject matter jurisdiction. The motion will be granted.

Federal district courts have jurisdiction over civil actions when the amount in controversy exceeds $75,000, excluding interests and costs, and when the suit is between citizens of different states. 28 U.S.C. § 1332(a). In this case, it is undisputed that the parties are citizens of different states and that the amount in controversy as to damages sought by the plaintiff does not exceed $75,000. The parties disagree as to whether plaintiff's request for injunctive relief takes the case over the $75,000 threshold.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347, (1977); *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 181 (1936) (noting the "principle that jurisdiction is to be tested by the value of the object or right to be protected against interference"); *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013). "[T]he removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds $75,000." *Francis*, 709 F.3d at 367.  The removability of a case "depends upon the state of the pleadings and the record at the time of the application for removal." *Alabama Great S. Ry. Co. v. Thompson,* 200 U.S. 206, 216 (1906); *Francis*, 709 F.3d at 367.

While the defendant's interpretation of the plaintiff's claim for injunctive relief is not untenable, the Court finds the plaintiff's interpretation – that injunctive relief is sought only as to the plaintiff – to be more reasonable and a fairer reading of the complaint.  Applying this interpretation, the amount in controversy is less than $75,000, and the motion to remand will be granted.

The plaintiff asks the Court to tax the costs and expenses incurred by the plaintiff in filing the motion to remand.  Doc. 11 at 5.  While it is within this Court's discretion to award such costs, including reasonable attorney's fees, 28 U.S.C. § 1447(c), the Court concludes such an order is not appropriate in the circumstances here.  There is nothing to indicate that the defendant's purpose was to delay the litigation or to impose additional costs on the plaintiff, and the defendant's argument was far from frivolous.  The Court declines in its discretion to award attorney's fees.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

It is **ORDERED** that the plaintiff's motion to remand, Doc. 10, is **GRANTED** and the case shall be remanded to the District Court of Guilford County.

This the 26th day of June, 2018.

UNITED STATES DISTRICT JUDGE

2